**SEALED**

FILED

2008 AUG -1  AM 9:49

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

1  DONALD A. GREEN (SBN 225171)
   DOAN LAW FIRM LLP
2  2850 PIO PICO DR., SUITE D
   CARLSBAD, CA 92008
3  TEL: (760) 450-3333 ♦ FAX: (760) 720-6082

4  ATTORNEYS FOR PLAINTIFF, STEPHEN LEE BRODALE

5

6

7

8              UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA, the STATE OF     Case No.
    CALIFORNIA, and STEPHEN LEE BRODALE,
12  an individual,                             **'08 CV 1399 JM LSP**

                                               COMPLAINT FOR:
13              Plaintiff,
        v.                                     1. **DISCRIMINATION IN
14                                                EMPLOYMENT IN VIOLATION
                                                 OF THE FAIR EMPLOYMENT
    APOLLO GROUP INC., a California Corporation,  AND HOUSING ACT (FEHA)**
15  d/b/a UNIVERSITY OF PHOENIX; and KIM       2. **WRONGFUL TERMINATION IN
    SAVICH, KYAN FLYNN, JENNIFER BRODIE,          VIOLATION OF PUBLIC
16  and MATT JOHNSTON, as individuals and agents  POLICY;**
    of APOLLO GROUP, INC., and DOES 1-50,      3. **RETALIATION;**
17  inclusive,                                 4. **QUI TAM / WHISTLEBLOWER
                                                 CLAIMS [31 U.S.C. §§ 3729, *ET
18              Defendants.                       SEQ.*]**
                                               5. **QUI TAM / WHISTLEBLOWER
19                                               CLAIMS [CA. GOV.T CODE §§
                                                 12650, *ET SEQ.*]**
20                                             6. **UNPAID WAGES**

21                                             **[FILED IN CAMERA PURSUANT TO
                                                 31 U.S.C. 3730 and
22                                               CA.GOVT. CODE § 12652(c)(2)]**

23                                             **JURY TRIAL DEMANDED**

24

25       PLAINTIFF, STEPHEN LEE BRODALE, alleges as follows:

26  / / /

27  / / /

28  / / /

Z:\PI_TMW7\Data\FILES\25-1034\complaint.doc

                              1

## I.

## **PARTIES**

1.  Plaintiff UNITED STATES OF AMERICA is a federal government entity.

2.  Plaintiff STATE OF CALIFORNIA is a state government entity.

3.  Plaintiff, STEPHEN LEE BRODALE, (hereinafter "PLAINTIFF") is an individual residing within this judicial district in the County of San Diego, State of California in La Mesa, California. He is pursuing this action as the Plaintiff on his own behalf, and as Qui Tam Plaintiff on behalf of the United States of America and the State of California.

4.  PLAINTIFF is informed and believes and thereon alleges that Defendant APOLLO GROUP, INC. (hereinafter "APOLLO") is now, and at all times herein mentioned is a California Corporation, registered as such with the California Secretary of State, and having registration number C1690019. APOLLO is doing business in the state of California as APOLLO EDUCATION and is further operating under the fictitious business name of UNIVERSITY OF PHOENIX. Plaintiff alleges that for all relevant times mentioned herein APOLLO and had its headquarters at 4615 East Elwood Street, Phoenix, AZ 85040, and its principle place of business in the County of San Diego, California. All claims against APOLLO as alleged herein by Plaintiff occurred in this judicial district at the University of Phoenix, San Diego Campus, 3890 Murphy Canyon Dr., San Diego, CA 92123

5.  Plaintiff is informed and believes and on that basis alleges that defendants KIM SAVICH, KYAN FLYNN, and JENNIFER BRODIE were and are for all relevant purposes mentioned herein residents and citizens of the County of San Diego, State of California.

6.  Plaintiff is informed and believes and on that basis alleges that defendant MATT JOHNSTON was and is for all relevant purposes mentioned herein a resident and citizen of the County of Orange, State of California.

7.  DOES 1 through 50, inclusive, are sued under fictitious names. Their true names and capacities are unknown to PLAINTIFF. PLAINTIFF will amend this complaint to allege their true names and capacities when ascertained. PLAINTIFF is informed and believes and on that basis alleges that KIM SAVICH, KYAN FLYNN, and MATT JOHNSTON, and each of the fictitiously

1    named DEFENDANTS are responsible in some manner for the occurrences alleged in this

2    complaint, and that PLAINTIFF's claims alleged in this complaint were proximately caused by such

3    DEFENDANTS.

4        8.  PLAINTIFF is informed and believes and on that basis alleges that each named

5    DEFENDANT, including KIM SAVICH, KYAN FLYNN, and MATT JOHNSTON, and DOES 1

6    through 50, was the agent, servant, employee, or partner of each other DEFENDANT, and that each

7    DEFENDANT was acting within the course and scope of such agency, employment, partnership, or

8    other business relationship and with the consent or the ratification of each other in doing the things

9    alleged herein.

10       9.  PLAINTIFF is informed and believes and on that basis alleges that at all times herein

11   mentioned, DEFENDANTS and each of them, were residents and/or doing business within the

12   County of San Diego, State of California, within this judicial district, and that DEFENDANTS, and

13   each of them, are responsible to PLAINTIFF pursuant to the  causes of action set forth herein.

14
15                                              **II.**

16                                **JURISDICTION AND VENUE**

17       10. Jurisdiction of this court arises under 28 U.S.C. §§ 1331, 1332, 1337, 1343(a), 1345, 1348,

18   and 1367(a), and 31 USC § 3732.

19       11. Jurisdiction of this court for the pendent claims is authorized by F.R.Civ.P. 18(a), and arises

20   under the doctrine of pendent jurisdiction as set forth in *United Mine Workers v. Gibbs*, 383 U.S.

21   715 (1966).

22       12. A substantial portion of the events giving rise to the claims alleged in this complaint arose in

23   San Diego County, California.  Therefore, venue is proper under 28 U.S.C. § 1391(b)(2).

24       13. Plaintiff, STEPHEN BRODALE, hereby brings whistleblower claims against defendant

25   APOLLO GROUP, INC. on behalf of the UNITED STATES OF AMERICA pursuant to 31 U.S.C.

26   3729 and 3730, and on behalf of the State of California pursuant to CA. Government Code sections

27   12650, *et seq.*

28   / / /

     / / /

## II.

## RELEVANT FACTS

14. Plaintiff, STEPHEN LEE BRODALE, was hired as Director of Campus Financial Services by defendant APOLLO GROUP on or about September 1, 2004.   His primary responsibilities included overseeing the financial aid department of the University of Phoenix, San Diego campus at 3890 Murphy Canyon Rd., San Diego, CA 92123.

15. Plaintiff alleges that defendant KIM SAVICH was and is the Campus Director at the University of Phoenix and that KYAN FLYNN was and is the Director of Enrollment.  Plaintiff further alleges that KIM SAVICH created a special position for JENNIFER BRODIE, the homosexual partner of KYAN FLYNN, in the position of Senior Director of Finance.  Plaintiff alleges that JENNIFER BRODIE was not educated, qualified, skilled, trained, or capable of performing the requisite job functions of this position, and was hired solely because of her sexual orientation and relationship with KYAN FLYNN.  This conflict of interest created a hostile work environment for Plaintiff STEPHEN BRODALE.

16. Plaintiff alleges that by failing to post or interview for the position created specifically for JENNIFER BRODIE the UNIVERSITY OF PHOENIX discriminated against him on the basis of his gender and sexual orientation.  Plaintiff further alleges that KIM SAVICH made a concerted effort to terminate and avoid hiring qualified males for positions under her because of her homosexual orientation, effectively discriminating against any opposite gender or sexual persuasion, including those of Plaintiff.

17. Plaintiff further alleges that JENNIFER BRODIE and KYAN FLYNN acted illegally and with fraudulent intent, at the behest of KIM SAVICH, MATT JOHNSTON, and the UNIVERSITY OF PHOENIX, to encourage and facilitate the falsification of federal financial aid documents for prospective and current students of the school. Plaintiff alleges that the actions of KIM SAVICH, MATT JOHNSTON, and all other employees of the APOLLO GROUP involved similar financial and legal improprieties were encouraged, authorized and ratified by the APOLLO GROUP. In encouraging these illegal activities, Plaintiff alleges that APOLLO GROUP paid enrollment

1  counselors based on their enrollment activities, regardless of the financial qualifications of
2  applicants or abilities of the applicants to complete their education.

3     18. On or around August or September 2006, Plaintiff began complaining to the University of
4  Phoenix about the discriminatory actions of KIM SAVICH, JENNIFER BRODIE, and the
5  UNIVERSITY OF PHOENIX. He also began complaining about the fraudulent and illegal conduct
6  of the enrollment counselor staff under the direction of KIM SAVICH and KYAN FLYNN,
7  including several instances that he brought to the attention of JOE AGINS and KYAN FLYNN in
8  January 2007. His complaints included evidence of coaching prospective and active students to lie
9  about their income and number of dependants on their financial aid applications, to change their
10  income, and in some cases actually fraudulently completing the forms themselves on behalf of
11  students. Among the illegal activities Plaintiff brought to the attention of University of Phoenix
12  included the following:

13       (a) Counselors forging student signatures;
14       (b) Enrolling students using internal enrollment quotas and sales promotions;
15       (c) Implementing a policy under the direction of the Regional Vice President, JENNIFER
16  CISNA, to "not to deny any student enrollment for any reason" thereby incentivizing enrollment
17  counselor staff to perpetrate frauds against the government;
18       (d) Encouraging students to enroll without adequate financial aid to only later pressure
19  these students to apply for additional federal, state, and private loans and grants;
20       (e) Counselors changing financial aid information on financial aid forms.

21     19. Plaintiff alleges that the UNIVERSITY OF PHOENIX responded to his allegations by
22  writing him up, giving him poor performance reviews, orchestrating fraudulent evaluations,
23  demanding unrealistic performance expectations, and, in a nutshell, conspiring to terminate him.

24     20. Over this same period of time, Plaintiff alleges that APOLLO withheld performance bonuses
25  and raises   Plaintiff alleges that this conspiracy to terminate him was based entirely on the
26  discriminatory animus of his superiors, including KIM SAVICH and MATT JOHNSTON, the
27  Regional Vice President, and in retaliation for blowing the whistle on improprieties in the enrollment
28  department. Plaintiff was terminated on January 14, 2008.

21. Plaintiff timely filed a Complaint of Discrimination under the provisions of the Fair Employment and Housing Act with the *Department of Fair Employment and Housing* (hereinafter "DFEH").   On February 4, 2008, Plaintiff was issued a *Notice of Case Closure* which was also designed to act as his letter of *Right to Sue.*

**III.**

**FIRST CAUSE OF ACTION**
**FOR DISCRIMINATION IN EMPLOYMENT IN**
**VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**
**(By Stephen Brodale As Against All Defendants)**

22. PLAINTIFF STEPHEN LEE BRODALE refers to and incorporates herein by reference as though fully set forth below its allegations contained in paragraphs 1 to 21, inclusive.

23. The above-described conduct constitutes actual or constructive termination of the Plaintiff, or, at a minimum, is an adverse personnel action.   This action was motivated by Plaintiff's gender and/or sexual persuasion.   It is furthermore irrefutable that he was and is qualified to perform the job from which he was involuntarily separated.

24. As alleged in paragraph 19, *supra,* Plaintiff has exhausted all available internal and administrative remedies prior to filing suit, filed a complaint with the *Department of Fair Employment and Housing,* and received a *Notice of Right to Sue* prior to filing this complaint.   This complaint is timely filed within one year of the date of the DFEH Notice.

25. As a result of Defendants' wrongful termination and/or adverse employment action, PLAINTIFF has suffered and continues to suffer economic damages, in the form of unpaid bonuses, wages, lost raises, experience base and other employment benefits of employment, entitling him to damages in an amount to be determined according to proof.

26. Furthermore, Plaintiff has suffered severe emotional and physical distress, entitling him to economic damages for the care and treatment thereof, as well as general damages for his emotional distress, inconvenience, anxiety, humiliation, stress, and pain and suffering.

27. Plaintiff further alleges that the aforesaid conduct was malicious and oppressive as those terms are defined by *California Civil Code* sections 3294(c)(1) and 3294(c)(2), entitling Plaintiff to punitive damages, in that:

(a) Defendants intended to cause injury to Plaintiff and acted in a despicable manner by terminating him on the basis of his gender and/or sexual persuasion, and for blowing the whistle on improper and illegal conduct;

(b) Defendants acted willfully and with conscious disregard for the rights of Plaintiff by terminating Plaintiff, having no reasonable basis for doing so, and knowing that Plaintiff was willing, capable, qualified and able to perform his duties;

(c) Defendants' conduct was despicable in subjecting Plaintiff to cruel and unusual hardship in conscious disregard of his rights and by terminating him on the basis of his gender and/or sexual persuasion.

28. Furthermore, Plaintiff has suffered severe emotional and physical distress, entitling him to economic damages for the care and treatment thereof, as well as general damages for his emotional distress, inconvenience, anxiety, humiliation, stress, and pain and suffering.

29. Plaintiff has incurred attorney's fees in the prosecution of this action, and is entitled to remuneration for the same pursuant to Government Code Section 12965.

## IV.

### SECOND CAUSE OF ACTION FOR
### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
(By Stephen Brodale as against all Defendants)

30. PLAINTIFF STEPHEN LEE BRODALE refers to and incorporates herein by reference as though fully set forth below its allegations contained in paragraphs 1 to 29, inclusive.

31. The above-described conduct of Defendants constitutes actual and/or constructive termination, wrongful discipline, and discrimination of an employee on the basis of gender and/or sexual orientation in violation of the California Fair Employment and Housing Act (FEHA) (*Cal.Govt. Code* § 12900, *et seq*).

32. As alleged above, Plaintiff has exhausted all available internal and administrative remedies at his disposal.

33. As a result of Defendants' wrongful termination and/or adverse employment action, PLAINTIFF has suffered and continues to suffer economic damages, in the form of wages,

1 | experience base and other employment benefits of employment, entitling him to damages in an
2 | amount to be determined according to proof.

3 | 34. Furthermore, Plaintiff has suffered severe emotional and physical distress, entitling him to
4 | economic damages for the care and treatment thereof, as well as general damages for his emotional
5 | distress, inconvenience, anxiety, humiliation, stress, and pain and suffering.

6 | 35. Plaintiff further alleges that the aforesaid conduct was malicious and oppressive as those
7 | terms are defined by *California Civil Code* sections 3294(c)(1) and 3294(c)(2), entitling Plaintiff to
8 | punitive damages, in that:

9 | (a) Defendants intended to cause injury to Plaintiff and acted in a despicable manner by
10 | terminating him on the basis of his gender and/or sexual persuasion, and for blowing the whistle on
11 | improper and illegal conduct;

12 | (b) Defendants acted willfully and with conscious disregard for the rights of Plaintiff by
13 | terminating Plaintiff, having no reasonable basis for doing so, and knowing that Plaintiff was
14 | willing, capable, qualified and able to perform his duties;

15 | (c) Defendants' conduct was despicable in subjecting Plaintiff to cruel and unusual
16 | hardship in conscious disregard of his rights and by terminating him on the basis of his gender
17 | and/or sexual persuasion.

18 | 36. Plaintiff has incurred attorney's fees in the prosecution of this action, and is entitled to
19 | remuneration for the same pursuant to Government Code Section 12965.

20

**V.**
**THIRD CAUSE OF ACTION FOR**
**RETALIATION**
**(By Stephen Brodale as against all Defendants)**

23 | 37. PLAINTIFF STEPHEN LEE BRODALE refers to and incorporates herein by reference as
24 | though fully set forth below its allegations contained in paragraphs 1 to 36, inclusive.

25 | 38. Plaintiff alleges that the aforementioned actions by enrollment and financial counselors at the
26 | UNIVERSITY OF PHOENIX were illegal, in violation of the Federal Higher Education Act, 20
27 | USC section 1001 *et seq.*, and California Education Code sections 87160, *et seq.* in that the
28 | aforementioned actions and/or omissions were designed and intended to defraud the United States

1   Government, the State of California, and private financial institutions. Specifically, counselors,

2   agents, servants, employees, and/or partners of APOLLO GROUP, INC. altered, changed, forged,

3   and falsified student financial records and encouraged students to do the same.

4       39. Plaintiff alleges that he brought these illegalities to the attention of APOLLO GROUP and

5   that he was terminated in retaliation therefore, that the adverse employment action of defendants was

6   retaliatory and in retaliation for her assertion of his legal rights, and prohibited by California

7   Government Code sections 12650, *et seq.*

8       40. Plaintiff further alleges that he brought the discriminatory conduct of the UNIVERSITY OF

9   PHOENIX to the attention of his employer, and, as a retaliatory consequence was terminated from

10  his position.   Defendants' actions and/or omissions as heretofore alleged were in violation of

11  Government Code section 12940(h) which provides that it is an unlawful employment practice "[f]or

12  any employer, labor organization, employment agency, or person to discharge, expel, or otherwise

13  discriminate against any person because the person has opposed any practices forbidden under this

14  part or because the person has filed a complaint, testified, or assisted in any proceeding under this

15  part."

16      41. As a result of Defendants' wrongful termination and/or adverse employment action,

17  PLAINTIFF has suffered and continues to suffer economic damages, in the form of wages,

18  experience base and other employment benefits of employment, entitling her to damages in an

19  amount to be determined according to proof.

20      42. Furthermore, Plaintiff has suffered severe emotional and physical distress, entitling him to

21  economic damages for the care and treatment thereof, as well as general damages for her emotional

22  distress, inconvenience, anxiety, humiliation, stress, and pain and suffering.

23      43. Plaintiff further alleges that the aforesaid conduct was malicious and oppressive as those

24  terms are defined by California Civil Code sections 3294(c)(1) and 3294(c)(2), as heretofore alleged,

25  entitling Plaintiff to punitive damages.

26  / / /

27  / / /

28  / / /

## VI.

### FOURTH CAUSE OF ACTION
### QUI TAM / WHISTLEBLOWER CLAIMS
### [31 U.S.C. §§ 3729, *ET SEQ.*]
**(By U.S.A. and Steven Brodale as against Defendant APOLLO GROUP, INC.)**

44. PLAINTIFFS UNITED STATES OF AMERICA and STEPHEN LEE BRODALE refer to and incorporate herein by reference as though fully set forth below its allegations contained in paragraphs 1 to 43, inclusive.

45. Plaintiff alleges that the actions and omissions of the enrollment and financial aid counselors, as described *supra*, were in violation of federal law, designed to defraud the federal governments by and through the presentation of false claims.  Plaintiff brings these claims against Defendant THE APOLLO GROUP, INC. pursuant to 31 U.S.C. § 3730.

46. Plaintiff alleges that defendant APOLLO GROUP violated the *Federal False Claims Act*, 31 U.S.C. § 3729, by presenting false claims to the United States of America in violation of requirements set forth by the 20 U.S.C. section 1001, *et seq.*, and, in particular, those provisions related to Federal Pell Grants (20 U.S.C. § 1070a), Federal Perkins Loans (20 U.S.C. 1087aa-bb), and William D. Ford Federal Direct Loans (20 U.S.C. § 1087e). Plaintiff further alleges that defendants, each and all of them, intended to circumvent the *Needs Analysis* requirements of 20 U.S.C. §1087kk, *et seq.*, in order to defraud the United States Government and federal entities. Plaintiff is entitled to damages as a result therefrom pursuant to the Federal False Claims Act, 31 U.S.C. 3730(d).

## VII.

### FIFTH CAUSE OF ACTION
### QUI TAM / WHISTLEBLOWER CLAIMS
### [CA. GOV.T CODE §§ 12650, *ET SEQ.*]
**(By State of California and Stephen Brodale as against Defendant APOLLO GROUP, INC.)**

47. PLAINTIFFS STATE OF CALIFORNIA and STEPHEN LEE BRODALE refer to and incorporate herein by reference as though fully set forth below its allegations contained in paragraphs 1 to 46, inclusive.

48. Plaintiff alleges that the actions and omissions of the enrollment and financial aid counselors, as described *supra,* were in violation of state law, designed to defraud the state government by and through the presentation of false claims. Plaintiff brings these claims against Defendants pursuant to California Government Code section 12650, *et seq*.

49. Plaintiff alleges that defendant APOLLO GROUP violated the *California False Claims Act,* California Government Code section 12651, by presenting false claims to the State of California in violation of requirements set forth by the California Education Code, and, in particular, in violation of those provisions related to state Cal-Grants (Ca. Ed.Code § 69431, *et seq*.). Plaintiff is entitled to damages as a result therefrom pursuant to California Government Code section 12652.

## VIII.

### SIXTH CAUSE OF ACTION
### UNPAID WAGES
### (By Stephen Brodale as against Defendant APOLLO GROUP, INC.)

50. PLAINTIFF STEPHEN LEE BRODALE refers to and incorporates herein by reference as though fully set forth below its allegations contained in paragraphs 1 to 49, inclusive.

51. Plaintiff alleges that he was denied bonuses and periodic raises to which he was entitled after he began complaining of improper and illegal conduct by University of Phoenix employees to the APOLLO GROUP. Plaintiff alleges that these bonuses and raises were wages as that term is defined by *California Labor Code* section 200.

52. Plaintiff alleges that defendant APOLLO willfully withheld compensation to which he was entitled under *California Labor Code* section 201, entitling him to damages pursuant to *California Labor Code* section 203, including interest, attorney's fees, and the costs of this herein litigation.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

IX.

2

**PRAYER FOR
DAMAGES AND OTHER REMEDIES**

3

4

**WHEREFORE**, PLAINTIFF prays for judgment against DEFENDANTS and relief as

5

follows:

6

    1.  For economic and compensatory damages according to proof and prejudgment interest

7

        thereon to the extent allowable by law;

8

    2.  Enhanced remedies pursuant to California Government Code section 12653;

9

    3.  Damages pursuant to 31 U.S.C. section 3729;

10

    4.  Damages pursuant to California Government Code 12652(g);

11

    5.  Damages pursuant to California Labor Code section 201 and 203;

12

    6.  For exemplary and punitive damages;

13

    7.  For attorneys' fees;

14

    8.  For costs of suit herein incurred;

15

    9.  For other and further relief as the court may deem proper.

16

Dated:    JULY 31, 2008            DOAN LAW FIRM, LLP

17

18

19

By: _____

DONALD A. GREEN, ESQ.
ATTORNEYS FOR PLAINTIFFS,
UNITED STATES OF AMERICA, STATE OF
CALIFORNIA, AND STEPHEN BRODALE

20

21

22

23

24

25

26

27

28

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| **I. (a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| NITED STATES OF AMERICA, the STATE OF CALIFORNIA, and TEPHEN LEE BRODALE | APOLLO GROUP INC., KIM SAVICH, KYAN FLYNN, JENNIFER BRODIE, and MARTIN STON |

FILED

2008 AUG -1 AM 9:50

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant Phoenix, AZ
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
DONALD A. GREEN, DOAN LAW FIRM
2850 Pio Pico Dr., Site D, Carlsbad, CA 92008

Attorneys (If known)

**'08 CV 1399 JM LSP**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | · 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Qui Tam (31 U.S.C. §§ 3729, ET SEQ.), Employment Discrimination and Retaliation

Brief description of cause:
Negligence and premises liability for dangerous condition in detention facility; violation of civil rights

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 07/31/2008

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 153538 AMOUNT $350 APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

OSC 8/1/08

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 153538   — TC**

**August 01, 2008
09:50:45**

**Civ Fil Non-Pris**
USAO #.: 08CV1399
Judge..: JEFFREY T MILLER
Amount.:                    $350.00 CK
Check#.: BC183

**Total—> $350.00**

FROM: USA
        VS
        APOLLO GROUP