# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, THE STATE OF CALIFORNIA, *ex rel.* STEVEN LEE BRODALE,<br><br>Plaintiffs,<br><br>v.<br><br>APOLLO GROUP, INC., d/b/a/ UNIVERSITY OF PHOENIX, KIM SAVICH, KYAN FLYNN, JENNIFER BRODIE, and MATT JOHNSTON,<br><br>Defendants. | CASE NO. 08 CV 1399 JM (LSP)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SEVERANCE AND REMAND OF STATE LAW CLAIMS**<br><br>**Doc. No. 12** |

On August 1, 2008, Plaintiff initiated this *qui tam* action against Defendant Apollo Group, Inc., d/b/a University of Phoenix ("Apollo"), in which he alleged Apollo had made false claims to the federal and California state governments. (Doc. No. 1, "Compl.") Plaintiff joined personal state law claims under the Fair Employment and Housing Act, alleging discrimination, wrongful termination, and retaliation. Plaintiff offered this court's supplemental jurisdiction over such claims was authorized by 28 U.S.C. § 1367(a) and United Mine Workers v. Gibbs, 383 U.S. 715 (1996). (Compl. ¶ 10-11.) Both state and federal governments declined to intervene in the action.

Pending before the court is Plaintiff's Motion for Severance and Remand of State Law Claims, filed July 7, 2009. (Doc. No. 12.) Despite having properly joined his state law claims in the action, Plaintiff now contends these claims "complicate and convolute the case, are based on different facts

1  and circumstances from the federal claims, would prejudice or create confusion with the jury, and
2  would be better resolved in state court...." (Doc. No. 12 at 3.) Plaintiff purports to rely on Federal
3  Rule of Civil Procedure ("Rule") 21 and 28 U.S.C. § 1441(c).

4  The court notes Plaintiff's motion is premature. No defendants have yet been served in this
5  action. (Doc. No. 12 at 2.) Apollo was not served with this motion and therefore has been given no
6  opportunity to respond. The court recognizes Apollo would be prejudiced by a severance as it would
7  then have to litigate two separate cases rather than one.

8  In addition, the court lacks authority to give Plaintiff the remedy he seeks. Even if the court
9  were to sever Plaintiff's state law claims from the *qui tam* claims, there is no mechanism available to
10 transfer the severed claims to state court. Plaintiff relies on the removal statute and related case law
11 for the proposition that this court can "remand" severed claims. However, as Plaintiff originally filed
12 his case here in federal court, the removal statute's provisions are inapplicable. If the court were to
13 grant a severance, Plaintiff's state law claims would be subject to dismissal for lack of subject matter
14 jurisdiction.

15 For these reasons, Plaintiff's Motion for Severance and Remand of State Law Claims (Doc.
16 No. 12) is **DENIED** without prejudice.

17 DATED: August 4, 2009

18  _____
    Hon. Jeffrey T. Miller
19  United States District Judge