Christy D. Joseph (#136785)
cjoseph@swlaw.com
Brian Mills (#216078)
bmills@swlaw.com
Erin A. Denniston (#247785)
edenniston@swlaw.com
SNELL & WILMER L.L.P.
600 Anton Boulevard, Suite 1400
Costa Mesa, CA  92626-7689
Telephone: (714) 427-7000
Facsimile: (714) 427-7799

Attorneys for Defendant Apollo Group, Inc.
d/b/a University of Phoenix

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, THE STATE OF CALIFORNIA, and STEPHEN LEE BRODALE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>APOLLO GROUP, INC., a California Corporation, d/b/a UNIVERSITY OF PHOENIX; and KIM SAVICH, KYAN FLYNN, JENNIFER BRODIE, and MATT JOHNSTON, as individuals and agents of APOLLO GROUP, INC., and DOES 1-50, inclusive,<br><br>Defendants | CASE NO. 08 CV-1399 JM LSP<br><br>**JOINT MOTION TO DISMISS CLAIMS 1, 2, 3  AND 6 AND SUBMIT THEM TO BINDING ARBITRATION**<br><br><br><br><br><br><br><br>DATE OF FILING: August 1, 2008 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

WHEREAS, Plaintiff Stephen Lee Brodale has agreed to dismiss claim one (Discrimination in Violation of the Fair Employment and Housing Act; claim two (Wrongful Termination in Violation of Public Policy; claim three (Retaliation); and claim six (Unpaid Wages) (collectively "the Employment Claims") in the above-captioned action without prejudice and submit them to binding arbitration.

1     WHEREAS, Plaintiff agrees that defendant Apollo Group, Inc.'s ("Apollo") Dispute Resolution Policy and Procedure attached as Exhibit "A", which was agreed to by the parties on January 3, 2008, requires that the Employment Claims be resolved by binding arbitration.

    WHEREAS, the Complaint in this action will be deemed to constitute the demand for arbitration as to claims 1, 2, 3 and 6, and the parties agree to adopt the date the Complaint was filed as the date the arbitration was demanded.

    WHEREAS, this stipulation does not limit any of Apollo's defenses in either the claims remaining in the civil action entitled-above or the claims submitted to binding arbitration.

    WHEREAS, in light of the Employment Claims raised, Apollo, plaintiff's former employer, will pay all arbitration costs and fees related to the arbitration of this matter as required by *Armendariz v. Foundation Health Psychcare Services*, Inc. (2002), 24 Cal 4th 83.

    IT IS SO STIPULATED.

Date: September 11, 2009          SNELL & WILMER L.L.P.

By:   s/Brian Mills
    Christy Joseph
    Brian Mills
    Erin A. Denniston
   Attorneys for Defendant
   Apollo Group, Inc. d/b/a
   University of Phoenix

Date: September 11, 2009          LAW OFFICES OF
                                               DONALD A. GREEN, APLC

By:   s/Donald A. Green
    Donald A. Green
   Attorneys for Plaintiff
   Stephen Lee Brodale

Snell & Wilmer L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

**EXHIBIT A**

Apollo Group, Inc., US Employee Handbook V17.2 2008



# Dispute Resolution Policy and Procedure

What follows sets out the formal policy and procedures to be used to resolve disputes. However, in addition to utilizing the following formal dispute resolution procedures, employees are encouraged to bring personnel related concerns to the attention of the Human Resources Department or to the Office of Ombuds Services(OO) which will endeavor to investigate and resolve such concerns prior to invoking the formal procedure (For example, Discrimination and Harassment policy). A covered dispute (see below) may be submitted to these formal Dispute Resolution Procedures if not satisfactorily resolved through the Human Resources Department's or the Office of OO prior intervention.

## Office of Ombuds Services (OO)

1. If direct resolution between the employee and his or her supervisor is not feasible, or if the employee feels he or she needs further assistance on an *informal basis,* he or she may contact the Office of Ombuds Services (OO).

2. The OO is independent, neutral and confidential.

3. The OO will facilitate communication when conflict arises and provide opportunity for informal dispute resolution. The OO will not arbitrate, adjudicate, or participate in any internal or external formal processes. It will:

   - Ensure objectivity by operating independently of Apollo Group, Inc. administrative authorities. The OO reports directly to the Chairman of the Board.
   - Not take sides in any conflict, dispute or issue, but consider the interests and concerns of all parties involved with the aim of achieving a fair and equitable outcome.
   - To the extent practical, not share information without permission. The OO will take action only with the permission of the employee, except under the condition of imminent risk of harm. Note: The Office of Ombuds Services is not an office of record.

4. The OO does not represent Apollo Group, Inc. and therefore cannot receive formal complaints. Speaking to the OO about a conflict, dispute or complaint does not constitute "notice to Apollo Group, Inc." and therefore Apollo

*Apollo Group, Inc., US Employee Handbook V17.2 2008*

Group, Inc. cannot, and will not, take action. In order for Apollo Group, Inc. to take action to resolve a conflict, dispute or complaint, you must speak directly to an Apollo representative.

5   Contact information for the Office of Ombuds Services:

- Address: 4640 E. Elwood St. Suite 4, Phoenix, AZ 85040
- Interoffice: AA-G102
- Office Number: 480-557-3120
- Confidential Fax: 480-557-1196
- Confidential Line: 1-800-800-2250
- Email: ombudsoffice@apollogrp.edu

## Purpose of Policy and Levels of Covered Disputes

1   This policy is intended to create the exclusive means by which claims asserted by either an employee or the Company, involving the interpretation and/or application of this Employee Handbook or any other personnel related dispute, shall be decided and finally resolved. These procedures are promulgated pursuant to the Federal Arbitration Act in light of the Company's transactions involving interstate commerce. All covered disputes shall be resolved pursuant to these procedures and the result is final and binding on both the Company and the employee. Claims and/or disputes covered by this policy fall into one of two levels. Level One disputes involve claims of employment discrimination or harassment pursuant to state or federal law, any statutory or common law tort claim or alleged breach of contract claim, any dispute arising out of the termination of any employee, any dispute arising out of the imposition of discipline or any other personnel issue of a substantial nature. If not resolved sooner, Level One disputes may be processed through all five steps of the following Dispute Resolution Procedures. Personnel issues of a lesser nature, for example, issues relating to benefit claims, salary adjustments, performance evaluations, work assignments, etc. are considered Level Two disputes and if not resolved sooner may be processed only through Steps One and Two of the following Dispute Resolution Procedures only.

**STEP ONE: INFORMAL RESOLUTION**

2   If feasible, the employee should first attempt to resolve any dispute or issue directly between the employee and his or her own supervisor. This may be

Apollo Group, Inc., US Employee Handbook V17.2 2008

done either verbally or in writing. If such a resolution is not feasible, for example, because the decision at issue was made at a higher level, then the employee may proceed directly to Step Two.

3  If direct resolution between the employee and his or her supervisor is not feasible, or if the employee feels he or she needs further assistance on an informal basis, he or she may contact the Office of Ombuds Services (OO).

**STEP TWO: SUBMISSION TO THE COMPANY'S SENIOR MANAGEMENT**

4  If not satisfactorily resolved in Step One, a dispute may be submitted in writing to the Senior Manager of the subsidiary employing the worker. The Senior Manager is defined as the President or highest ranking corporate official of the subsidiary for which the employee bringing the dispute works (for example, the University of Phoenix, the Institute for Professional Development, etc.). If the employee in question works for the parent Company (Apollo Group, Inc.), the Senior Manager will be the Chief Human Resources Officer. If not resolved in Step One, the written dispute should be submitted to the Senior Manager as soon as practical, but in no event more than 30 calendar days after learning of the problem. The written dispute must clearly and concisely identify what the problem is and must specify what resolution the employee or Company seeks. The Senior Manager or designee will respond in writing with his or her decision within 30 working days of receiving written notice of the dispute as provided above. If a Level Two dispute is not resolved at this Step Two, it must then be submitted to the Human Resources Department for a final determination. If a Level One dispute is not resolved at this Step Two, it may proceed through the following Steps.

**STEP THREE: EMPLOYEE COMMITTEE RECOMMENDATION AND FINAL DECISION BY THE PRESIDENT OF APOLLO GROUP, INC.**

5  If the dispute is not resolved in Step Two, the decision of the Senior Manager may be appealed in writing to the President of Apollo Group, Inc. within 10 working days of receipt of the Senior Manager's written decision. With the assistance of the Human Resources Department, the President of Apollo Group, Inc. will appoint a Committee of three uninvolved employees to review the dispute and render a recommendation to the President of Apollo Group, Inc. At its exclusive discretion, if the Committee feels it would be helpful, the Committee may interview the employee involved, any supervisor involved or any other person via telephone during the review to better understand the

nature of the problem. If the Committee elects to conduct such an interview, it will be arranged and supervised by the Chief Human Resources Officer or his or her designee. No outside representatives of either party shall be permitted to participate in these interviews or in the deliberations with the Committee. The Committee will submit its recommendations to the President of Apollo Group, Inc. within 10 working days of the completion of its review. The President of Apollo Group, Inc. will then issue a final Company determination no later than 30 days after receipt of the Committee's recommendation, which may or may not incorporate the Committee's recommendations.

**STEP FOUR: MANDATORY MEDIATION**

6. If the dispute is not resolved as a result of Steps One, Two or Three, then prior to proceeding to Arbitration, all parties may participate in a formal mediation session facilitated by a professional, neutral mediator (unless either the employee or the Company elect to bypass such mediation and proceed directly to Binding Arbitration).

7. The physical location for the mediation shall be selected by the Company. The employee is required to pay the sum of $100 towards the mediation costs. Any other costs associated with the mediation shall be paid by the Company. Both the employee and the Company shall submit in writing to the other the name(s) of one or more professional, neutral mediators as a potential mediator in the matter. The parties will exercise their best efforts to agree on the selection of a mediator. If the parties cannot agree on the selection of a mediator (or cannot secure the agreement of the selected mediator to serve) within a period of 30 days, then either party may contact the Chief Human Resources Officer who will make arrangements with the American Arbitration Association for the purpose of having a neutral mediator appointed.

8. The mediator shall schedule the mediation as expeditiously as possible. All parties will have the opportunity to attend and participate in the mediation. Any party may be represented by counsel of his or her choosing, at his or her own expense. The mediator shall direct how the mediation will be conducted. As with all mediations, any resulting resolution must be agreed to by the parties, which shall constitute a final and binding resolution of the matter.

**STEP FIVE: BINDING ARBITRATION**

9. If the formal mediation process provided for above does not result in an agreed to resolution of the matter, then either party may submit a written

demand for binding Arbitration to the Chief Human Resources Officer who will coordinate the selection of a neutral arbitrator.

10. As with the selection of the mediator, the parties will first utilize their best efforts to agree upon the selection of a professional, neutral Arbitrator. If they are not able to do so within 30 days, then the Chief Human Resources Officer will contact the American Arbitration Association for the purpose of having an Arbitrator appointed and scheduling the Arbitration, pursuant to the rules of the American Arbitration Association then in effect for the resolution of employment disputes. With the agreement of all parties involved, the matter may be heard by a panel of three Arbitrators rather than a single Arbitrator.

11. The Company shall initially bear the administrative costs associated with the conduct of the Arbitration, subject to: (1) a one time payment by the employee toward these costs equal to the filing fee then required by the court of general jurisdiction in the state where the employee in question works; (2) any conflicting rules of the American Arbitration Association then in effect; and (3) any subsequent award by the Arbitrator.

12. The Arbitration shall be conducted according to the rules of the American Arbitration Association then in effect for the resolution of employment disputes and/or as ordered by the arbitrator.

13. The decision of the Arbitrator shall be final and binding upon the parties, except as provided by the Federal Arbitration Act, 9 U.S.C. §§1-6. The award may be entered as a judgment in any court of competent jurisdiction and the parties agree to stipulate to entry of judgment. The parties waive their right to a trial, with or without a jury.

# Employee Handbook Acknowledgement Form

The Apollo Group, Inc. Employee Handbook, Version 17, describes important information about this organization. I understand that I should consult with my supervisor or a Human Resources representative regarding any questions not answered in the Handbook.

Since the information, policies and benefits described in the Handbook are necessarily subject to change, I acknowledge that revisions may occur, and I understand that such revisions may supersede, modify or eliminate existing policies. I further understand and agree that:

- I will be bound by any such revisions during the term of my employment with Apollo Group, Inc., and
- Any revisions or exceptions to the policies contained in this Employee Handbook must be in writing and approved by the President of Apollo Group, Inc. or his authorized designee.

I acknowledge that I have read Version 17 of the Employee Handbook and understand my rights and responsibilities as an employee of Apollo Group, Inc. as outlined therein. Further, I specifically agree to abide by the policies as set forth in the Employee Handbook, Version 17, including the following sections:

**Overview:**

- Insight Schools, Inc. NEW
- Aptimus NEW

**Hiring Policies:**

- Personnel Records
- Background Checks NEW

**Hours of Work & Payroll Information:**

- Employee/Faculty Work Hours Policy NEW
- Pay Periods
- General Vacation Time Policy
- Reinstatement

**Total Rewards:**

- General Benefits Information
- Eligibility Period
- About the Flexible Benefits Plan

**Career Paths:**

- Program Participation Guidelines
    - Eligible Employees
- Doctorate Programs for Spouse NEW
- Professional Development

**Leaves:**

- Family Medical Leave Act (FMLA)
    - Leave Rights & Obligations
- Military Leave

**Employee/Employer Relations:**

- Dispute Resolution Policy & Procedure
    - Step Four: Mandatory Mediation
- Disciplinary Action Guide - Examples of Misconduct

**Business & Travel Expense Policies**

**Information Security Policy:**

- Overview
- IT Asset Management
    - Use of Assets
    - Prohibited Activities NEW
    - Unauthorized Activities
    - Classification Guidelines
- Human Resources Security
- Physical and Environmental Security
- Reporting Information Security Events & Weaknesses
- Access Control

**Other Policies:**

- Alcohol and Drug Abuse Policy
    - Apollo Tobacco-Free Policy NEW
- Code of Ethical Conduct NEW
- Communicable Diseases NEW
- Information Privacy & Safeguards
- Family Educational Rights and Privacy Act (FERPA)
- Free Speech Policy NEW
- Insider Trading Policy NEW

- Workers' Compensation
- Americans with Disabilities Act (ADA) NEW
- Return-to-Work Program (RTWP) NEW

My continued employment with Apollo Group, Inc. is evidence of said agreement.

Employee: **Stephen Lee Brodale**     Employee ID: **75443**     Date: **January 3, 2008**

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2009, I electronically filed the foregoing document described as **JOINT MOTION TO DISMISS CLAIMS 1, 2, 3 AND 6 AND SUBMIT THEM TO BINDING ARBITRATION** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

- **Donald A. Green**
  **donald@dgreenlaw.com**

- **U S Attorney CV**
  **Efile.dkt.civ@usdoj.gov**

                                            s/ Brian Mills
_____
Christy Joseph
Brian Mills
Erin A. Denniston
Attorneys for Defendants Apollo Group, Inc. d/b/a University of Phoenix

Snell & Wilmer L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

CERTIFICATE OF SERVICE